**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **COUNTRYWIDE HOME LOANS, INC.**, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JEFFREY VANZANDT and** )<br>**VANZANDT & ASSOCIATES, CHTD.,** )<br>)<br>**Defendants.** ) | Case No. 06-2157-KHV-DJW |

### STIPULATED PROTECTIVE ORDER

Plaintiff Countrywide Home Loans, Inc. ("plaintiff") and defendants Jeffrey VanZandt and VanZandt & Associates, Chtd. ("defendants"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

1. **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek the following private information concerning both parties and nonparties: plaintiff's business relationship and confidential matters concerning plaintiff's trade secrets. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, work in an area of the law that is close-knit, and if the confidential information were known in the general community, such knowledge could impact the parties' personal and/or work relationships.

2. **Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have further agreed that this

shall include information relating to the following topics:  the confidential financial information of the parties, including confidential proprietary information and contracts between plaintiff and its business associates.

3. **Designating documents and interrogatory answers as confidential**.  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.  Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disclosure of Confidential Information.**  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties;

(b) Their counsel, counsel's legal and clerical assistants and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(e) Panel members associated with the screening panel procedure upon with the parties have agreed;

(f) Any independent document reproduction services or document or video recording and retrieval services; and

(g) Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

5. **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party posing the confidentiality of the information may apply for appropriate relief from this Court.

6. **Binding Effect of This Order.**  This Order is binding upon the parties, agents and employees of the parties, counsel for the parties, and agents and employees of counsel for the parties.  This Order also binds non-parties to whom disclosure of discovery materials or testimony is permitted pursuant to the terms of this Order, so long as those persons have agreed to and signed the Declaration attached hereto as Exhibit A.

7. **Use of Confidential Information.**  The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing

them in the public record in this case. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

8.     **Return of Confidential Information.**  At the conclusion of this litigation, including all appeals, the parties' respective counsel and panel members shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel and panel members will destroy such records, and all duplicates thereof, produced by another party. The parties, however, may retain any documents for purposes of preserving a file in this matter or those admitted as exhibits in this case.

**IT IS SO ORDERED.**

Dated this 19th day of September 2006.


                                s/David J. Waxse
                                David J.Waxse
                                U.S. Magistrate Judge

**APPROVED AS TO FORM AND CONTENT**

        SPENCER FANE BRITT & BROWNE LLP

        s/ Jeannie M. DeVeney
| | |
|---|---|
| J. Nick Badgerow | #09138 |
| Jeannie M. DeVeney | #17445 |
| Lewis M. Galloway | #20172 |

40 Corporate Woods, Suite 700
9401 Indian Creek Parkway
Overland Park, Kansas  66210
(913) 345-8100
(913) 345-0736 (Facsimile)
nbadgerow@spencerfane.com
jdeveney@spencerfane.com
lgalloway@spencerfane.com

ATTORNEYS FOR PLAINTIFF

SANDERS CONKRIGHT & WARREN, LLP

s/ John E. Bordeau
| | |
|---|---|
| Roger W. Warren | #13893 |
| John E. Bordeau | #12710 |

40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
(913) 234-6100
(913) 234-6199 (Facsimile)
r.warren@sanconwar.com
j.bordeau@sanconwar.com

ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **COUNTRYWIDE HOME LOANS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 06-2157-KHV-DJW |
| | ) |
| **JEFFREY VANZANDT and** | ) |
| **VANZANDT & ASSOCIATES, CHTD.,** | ) |
| | ) |
| **Defendants.** | ) |

## **DECLARATION AND EXHIBIT "A" TO PROTECTIVE ORDER**

I, _____, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

My signature below indicates that I have read the Protective Order which is dated _____ and marked with the caption of this case, and I understand and agree to its terms.

_____
Signature

_____

_____
Address

_____
Phone